IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| PATRICK R. PRYOR and STEVE SCHRIMPF, TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS PENSION FUND, | ) ) ) ) |
| and | ) ) |
| CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, a Trust Fund, | )  **No.** ) ) |
| and | ) ) |
| PATRICK R. PRYOR and JAMES P. FITZGERALD, TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **ZOIE, LLC** **[SERVE:  Mark Goldenberg Registered Agent 9200 Litzsinger Road St. Louis, Missouri 63144]** | ) ) ) ) ) ) |
| Defendant. | ) ) |

**C O M P L A I N T**

**<u>COUNT I</u>**

Come now Plaintiffs, Construction Industry Laborers Pension Fund, a Trust Fund, and Patrick

R. Pryor and Steve Schrimpf, duly appointed and acting Trustees of the Construction Industry

Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund

and all the Trustees of the Construction Industry Laborers Pension Fund, and, for their cause of action under Count I against Zoie, LLC. (hereinafter referred to as "Defendant"), state:

1.       This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2.       Plaintiffs, Patrick R. Pryor and Steve Schrimpf, are duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Construction Industry Laborers Pension Fund; Plaintiff, Construction Industry Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1003.

3.       Said Plaintiff Fund was established on October 1, 1964, pursuant to the collective bargaining agreement entered into between the Heavy Constructors Association of the Greater Kansas City Area and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4.       Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

5.       Defendant is an Illinois limited liability company doing business in the State of Missouri and particularly in the Eastern District of Missouri and Defendant at all times material herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

{00433192;CILE20-176;MJ }

2

6.      Defendant's registered agent may be served at 9200 Litzsinger Road, St. Louis, Missouri, St. Louis County, Missouri, and therefore venue is proper in this court.

7.      In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8.      Defendant Zoie, LLC., at all times material herein was bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Site Improvement Association and the Eastern Missouri Laborers' District Council and its affiliated Local Union No. 660; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9.      Laborer employees of the Defendant were employed under the terms of the collective bargaining agreements between the Site Improvement Association and the Eastern Missouri Laborers' District Council and its affiliated Local Union No. 660 under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements; and to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11.     Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of

{00433192;CILE20-176;MJ }

any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12.     An audit of Defendant's books and records was performed for the period January 1, 2016 through December 31, 2019 which found **FOURTEEN THOUSAND, THREE HUNDRED THIRTY-EIGHT AND 75/100 ($14,338.75) DOLLARS** due in unpaid contributions, **TWO THOUSAND, EIGHT HUNDRED SIXTY-SEVEN AND 75/100 ($2,867.75) DOLLARS** in liquidated damages, and **FIVE HUNDRED FIVE AND 80/100 ($505.80) DOLLARS** in interest for a total of **SEVENTEEN THOUSAND, SEVEN HUNDRED TWELVE AND 30/100 ($17,712.30) DOLLARS.**

13.     Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2020,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **January 1, 2020,** to date.

14.     The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15.     The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

16.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all

{00433192;CILE20-176;MJ }

obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

17.     Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2020,** to date; and

B.     For judgment against Defendant in the amount **FOURTEEN THOUSAND, THREE HUNDRED THIRTY-EIGHT AND 75/100 ($14,338.75) DOLLARS** due in unpaid contributions, **TWO THOUSAND, EIGHT HUNDRED SIXTY-SEVEN AND 75/100 ($2,867.75) DOLLARS** in liquidated damages, and **FIVE HUNDRED FIVE AND 80/100 ($505.80) DOLLARS** in interest for a total of **SEVENTEEN THOUSAND, SEVEN HUNDRED TWELVE AND 30/100 ($17,712.30) DOLLARS** and as for  liquidated damages due and owing for the period **January 1, 2016 through December 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2020,** to date; and

C.     For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.      For judgment against Defendant for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Construction Industry Laborers Welfare Fund, a Trust Fund, and Patrick R. Pryor and James P. Fitzgerald, duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1.      Plaintiffs, Patrick R. Pryor and James P. Fitzgerald, are duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers

{00433192;CILE20-176;MJ }

Welfare Fund; Plaintiff Construction Industry Laborers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on April 1, 1972, pursuant to the collective bargaining agreement between the Associated General Contractors of Missouri (hereinafter referred to as "Association") and the Eastern Missouri Laborers Council and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3.      An audit of Defendant's books and records for the period January 1, 2016 through December 31, 2019 which found **SIXTEEN THOUSAND, SIX HUNDRED NINETY-TWO AND 51/100 ($16,692.51) DOLLARS** due in unpaid contributions, **THREE THOUSAND, THREE HUNDRED THIRTY-EIGHT AND 50/100 ($3,338.50) DOLLARS** in liquidated damages, and **FIVE HUNDRED EIGHTY-EIGHT AND 83/100 ($588.83) DOLLARS** in interest for a total of **TWENTY THOUSAND, SIX HUNDRED NINETEEN AND 85/100 ($20,619.85) DOLLARS.**

4.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17) and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2020,** to date; and

B.      For judgment against Defendant in the amount of **SIXTEEN THOUSAND, SIX HUNDRED NINETY-TWO AND 51/100 ($16,692.51) DOLLARS** due in unpaid contributions, **THREE THOUSAND, THREE**

{00433192;CILE20-176;MJ }

HUNDRED THIRTY-EIGHT AND 50/100 ($3,338.50) DOLLARS in liquidated damages, and FIVE HUNDRED EIGHTY-EIGHT AND 83/100 ($588.83) DOLLARS in interest for a total of TWENTY THOUSAND, SIX HUNDRED NINETEEN AND 85/100 ($20,619.85) DOLLARS as and for liquidated damages due and owing for the period **January 1, 2016 through December 31, 2019**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2020,** to date; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.      For judgment against Defendant for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

{00433192;CILE20-176;MJ }

8

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Bradley J. Sollars*
Bradley J. Sollars, No. 54931MO
1100 Main Street, Ste. 2001
Kansas City, Missouri 64105
(816) 421-5788
Fax (816) 471-5574
Attorneys for Plaintiffs

{00433192;CILE20-176;MJ }