**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CONSTRUCTION INDUSTRY<br>LABORERS PENSION FUND, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ZOIE, LLC<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Case No. 4:20-CV-01355-JAR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER OF JUDGMENT**

This matter is before the Court on Plaintiffs' Motion for Default Judgment by the Court. (Doc. 4). For the reasons discussed below, the motion will be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2020, Plaintiffs filed a complaint against Defendant arising under the Employment Retirement Income Security Act ("ERISA") and Labor Management Relations Act. (Doc. 1). Plaintiffs include two union funds (the "Pension Fund" and "Welfare Fund" respectively) and their trustees. Plaintiffs allege that Defendant has failed to make fringe benefit contributions required by the collective bargaining agreements ("CBAs") applicable to Defendants' employees and that since January 1, 2020 Defendant has failed to submit accurate reports as required under the CBAs and Trust Agreement. (*Id.* at Count I ¶¶ 12-13; Count II ¶¶ 3-4). Plaintiffs seek to collect delinquent fringe benefit contributions, associated liquidated damages, interest, attorneys' fees, and audit costs. Plaintiffs also request that this Court order an accounting of Defendant's books and records since January 1, 2020.

Plaintiffs obtained service of process on the Registered Agent of Defendant on October 1, 2020 (Doc. 3), but Defendant has yet to file any answer or otherwise appear in this case. Plaintiffs filed the instant Motion for Default Judgment by the Court on October 29, 2020. (Doc. 4). The Clerk of Court entered a Clerk's Entry of Default Judgment on October 30, 2020. (Doc. 9). On November 2, 2020, this Court ordered Defendant to show cause why default judgment should not be entered, but no response was filed by the established deadline. (Doc. 10). The Show Cause Order was also served on Defendant's Registered Agent (Doc. 11) and mailed to Defendant's last known address.

## II.  ANALYSIS

Default judgments are generally disfavored. *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Default judgment for failure to defend is appropriate," however, "when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *id.*); *see also Monsanto Co. v. Hargrove*, No. 4:09-CV-1628 CEJ, 2011 WL 93718, at *2 (E.D. Mo. Jan. 11, 2011) (Default judgment is "an appropriate exercise of a court's discretion for a party's repeated failure to comply with court orders due to willfulness or bad faith.").

Once the Clerk has entered default against a defendant, the defendant has "no further standing to contest the factual allegations of plaintiff's claim for relief" and "allegations of the complaint except as to the amount of damages are taken as true." *Mueller v. Jones*, No. 2:08-CV-16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (internal quotations omitted). A plaintiff seeking default judgment which includes damages must "prove its right to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12-CV-02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014);

*see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

Defendant was served Plaintiff's Complaint on October 1, 2020, and Defendant's answer was accordingly due October 23, 2020. (Doc. 3). On October 30, 2020, with no answer having been filed, the Clerk of Court appropriately granted Plaintiffs' Motion for Entry of Clerk's Default. (Doc. 9). The entry of default was mailed to Defendant. This Court gave Defendant a final opportunity to show cause why it should not grant the instant motion, and Defendant failed to respond. (Doc. 10). Such willful disregard of this Court's Order and general failure to appear in this case warrants default judgment against Defendant.

Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling twenty percent (20%) of the delinquency, interest, attorneys' fees, and costs. This Court recognizes that "generic references to evidentiary support for the damages determination" are insufficient to establish damages on a default judgment. *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 (8th Cir. 2008). When determining the amount of default judgments in an ERISA case brought by a plan against an employer, the court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Carpenter's Dist. Council of Greater St. Louis and Vicinity v. Auxier Drywall, LLC*, No. 4:12-CV-105 AGF, 2012 WL 2680285, at *2 (E.D. Mo. July 6, 2012) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)). Plaintiffs have provided the sworn affidavit of a professional auditor who has carefully reviewed the applicable employment records and corroborated Plaintiffs' damages calculations. (Doc. 8). This is sufficient to prove the amount of damages owed by Defendant. The Court also finds that it is reasonable and within the Court's

equitable powers to order Defendant to put up cash deposits in advance of work, enter into an escrow arrangement with Plaintiffs, and/or post a corporate bond guaranteeing performance under the CBAs and Trust Agreements.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment by the Court (Doc. 4) is **GRANTED** and **IT IS ORDERED, ADJUDGED AND DECREED** that default judgment is entered in favor of Plaintiffs against Defendant Zoie, LLC as specified below:

*Count I Damages*: Judgment is entered in favor of Plaintiff Pension Fund for the total amount of **$17,712.30**.
- **$14,338.75** for unpaid contributions
- **$2,867.75** for liquidated damages
- **$505.80** for interest

*Count II Damages*: Judgment is entered in favor of Plaintiff Welfare Fund for the total amount of **$20,619.85**.
- **$16,692.51** for unpaid contributions
- **$3,338.50** for liquidated damages
- **$588.83** for interest

*Attorneys' Fees and Costs*: Judgment is entered in favor of Plaintiffs in the amount of **$1,205.65** for the Pension Fund and **$1,205.55** for the Welfare Fund, totaling **$2,411.20.**

*Auditor Costs*: Judgment is entered in favor of Plaintiffs in the amount of **$1,045.00**, to be divided equally between the Pension Fund and Welfare Fund.

*Accounting of Records Since January 1, 2020*: As to each of Counts I and II, Defendant shall, no later than **December 23, 2020**, perform an accounting of its books and records since January 1, 2020 and, after completing such accounting, remit payment to Plaintiffs in accordance with the requirements of the applicable CBAs. Plaintiffs shall file a status report no later than **January 8, 2021** advising the Court as to Defendant's compliance.

*Commitment in Advance of Future Work*: In advance of future work, Defendant is ordered to provide necessary cash deposits, enter into an escrow arrangement with Plaintiffs, or post a corporate bond guaranteeing performance under the CBAs and Trust Agreement.

**IT IS FURTHER ORDERED** that Plaintiffs shall promptly serve a copy of this Memorandum and Order of Judgment on Defendant.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order of Judgment to Defendant's last known address: 2010 Martin Luther King Drive, East St. Louis, Illinois 62205.

Dated this 25th day of November, 2020.

*John A. Ross*
_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE